LAW LIBRARY

NO. 30032

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF M.A. and
IN THE INTEREST OF H.W.



APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-S NOS. 05-1-0067 and 05-1-0068)
CONFIDENTIAL

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Appellant Mother (**Mother**) appeals the Orders Revoking Foster Custody; Granting Permanent Custody; Ordering Permanent Plans Dated June 23, 2009 as Modified; Setting A Permanent Plan Review Hearing, filed on July 13, 2009 (**Permanent Custody Order**), in FC-S Nos. 05-1-0067 and 05-1-0068, in the Family Court of the Second Circuit (**Family Court**).[1] Mother also seeks relief from the Family Court's August 18, 2009 order denying her motion to reconsider (**Order Denying Reconsideration**).

On appeal, Mother contends that the Family Court: (1) clearly erred in finding that Mother is not currently able and willing to provide a safe family home with the assistance of a service plan and that she will not be able to do so in the reasonably foreseeable future; (2) clearly erred by failing to make proper findings of fact to support its conclusion that, *inter alia*, Mother could not provide a safe family home; (3) clearly erred by misquoting and mischaracterizing testimony of a witness; and (4) unduly placed more emphasis on the age of the case than the clear and convincing evidence standard of Hawaii Revised Statutes (**HRS**) § 587-73(1) (Supp. 2009).

---

[1] The Honorable Geronimo Valdriz, Jr. presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

We agree with Mother's contention that the Family Court erred by failing to make sufficient findings of fact to support its conclusion that, *inter alia*, Mother could not provide a safe family home. The Permanent Custody Order does not contain any findings of fact. The Permanent Custody Order simply states that "based upon the record and/or evidence presented, the Court finds by clear and convincing evidence that pursuant to [] HRS § 587-73(a) . . .," and the remainder of the Permanent Custody Order consists of standardized conclusions of law concluding that Mother could not provide a safe family home. No separate findings of fact were entered pursuant to Hawai'i Family Court Rules (**HFCR**) Rule 52(a).

The Department of Human Services (**DHS**) argues that the Family Court made findings of fact which consisted of summaries of witness testimony, as demonstrated in a transcript dated, July 6, 2009. Summaries of witness testimony also are included in the Order Denying Reconsideration. Relying in part on In re Doe, 96 Hawai'i 255, 30 P.3d 269 (App. 2001), DHS argues that a summary of witness testimony may be construed as a finding of fact when combined with conclusions of law that state Mother is unable to provide a safe family home. In that case, the appellant claimed that recitation of witness testimony was not a finding of the court. Id. at 259, 30 P.3d at 273. This court stated: "We agree that the family court's statement of the evidence, by itself, is not its finding of fact. However, although we do not recommend doing it this way, we conclude that FsOF nos. 13, 14, and 15 validly convert the family court's statements of the evidence into its findings of fact. These latter findings state, in effect, that the family court found the stated evidence to be

credible evidence of the facts." Id. In the case at bar, there are no similar findings indicating that the Family Court evaluated the credibility of the witnesses and the weight of the evidence, in the context of the clear and convincing evidence standard.

DHS also cites In re T Children, 113 Hawai'i 492, 155 P.3d 675 (App. 2007). In that case, the presiding family court trial judge retired prior to the entry of HFCR Rule 52 findings of fact and this court concluded that the subsequent family court judge was not authorized to enter findings of fact. Id. at 497, 155 P.3d at 680. The court nevertheless held that, under the circumstances of that case, the trial judge's ultimate findings of fact adequately supported the family court's order terminating parental rights and awarding permanent custody to DHS and were not clearly erroneous. Id. at 498, 155 P.3d at 681. The unique circumstances of that case – including, inter alia, the retirement of the trial judge before the entry of the detailed supporting findings of fact – are not evident in the record of the present case.

In this case, absent further supporting findings of fact, the Family Court's brief and conclusory summaries, which misstate the testimony of Mother's counselor, as admitted by DHS,[2] do not constitute the clear and convincing evidence required pursuant to HRS § 587-73(a). To conclude in every case that ultimate findings of fact are sufficient to meet the State's burden of proof by clear and convincing evidence could render meaningless the requirements of HFCR Rule 52 and HRS § 587-73(a). This court generally will not disturb the trial court's assessment of the credibility of witnesses or re-weigh the

---

[2] DHS argues that the Family Court's mischaracterization of the counselor's testimony is harmless error. Based on the record before us, which does not include any findings regarding the credibility of or the weight given to the various witnesses' testimony, we cannot conclude that the mischaracterization of this witness's testimony was harmless error.

evidence. <u>See</u>, <u>e.g.</u>, <u>In re Jane Doe</u>, 95 Hawaiʻi 183, 190, 196-97, 20 P.3d 616, 623, 629-30 (2001) ("Because it is not the province of the appellate court to <u>reassess</u> the credibility of the witnesses or the weight of the evidence, as determined by the family court, the family court is given much leeway in its examinations of the reports concerning a child's care, custody, and welfare.") (Internal quotation marks, citations, and brackets in original omitted; emphasis added). However, that deference is based, at least in part, on findings of fact that evidence that assessment. <u>Id.</u>

For these reasons, we vacate the Family Court's July 13, 2009 Permanent Custody Order and remand for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, April 16, 2010.

On the briefs:

Davelynn M. Tengan
for Appellant

Kavan K. Saiki
Mary Anne Magnier
for Petitioner-Appellee
Department of Human Services

Chief Judge

Associate Judge

Associate Judge